# ATTACHMENT A

COMMONWEALTH OF MASSACHUSETTS
Superior Court

BRISTOL, SS SUPERIOR COURT FILED
DEC 23 2019
MARC J SANTOS, ESQ.
CLERK/MAGISTRATE

| | |
|---|---|
| Bristol County SS, | Bristol Superior Court |
| Antonio M. Branco | Civil Action |
| Plaintiff | No. 1973CV01208 |
| V. | |
| Kiel (aka Kyle) Huard | |
| Lawrence Ferreira | |
| Thomas Mauretti | |
| Daniel Racine | |
| Albert Dupere | |
| Fall River Police Dep't | |
| City of Fall River | |
| Defendants | |

## COMPLAINT
### Jury Trial Demanded

## INTRODUCTION

This action is brought by Plaintiff Antonio M. Branco against the herein named defendants who have violated the Plaintiffs rights;

including rights under the Massachusetts Tort claims Act, Consumer Protection Act, State and Federal Civil Rights Acts, and various Constitutionally protected rights under State and Federal Laws, and have committed various tortful, wrongful, and injurious actions including the TORTS of Assault, Fraud, Fraudulent Conveyance, Fraudulant Inducement, Deceit, Malicious Destruction of Property, Agency, Conversion, Emotional Distress, Intentional Infliction of Mental and Emotional Distress and other Tortious actions; resulting in various and substantial injuries to both person and property of the Plaintiff, including the total loss of the Plaintiff's vehicle and its precious and invaluable as well as irreplacable contents, when the defendants denied the Plaintiff his right to leave his vehicle safely in his property, and defendants deviously and heinously forced the Plaintiff to remove his vehicle from Plaintiffs property and coerced and forced Plaintiff to leave his vehicle abandoned on a city street where it was later struck, damaged and by defendants orders towed destroyed, and disposed of.

## JURISDICTION AND VENUE

This action is authorized by the Laws and Constitutions of the Commonwealth of Massachusetts and the United States of America, and the respective

Articles and Amendments including M.G.L. C. 258, C. 93A, and 42 USCS §1983.

This Court has Jurisdiction pursuant to MGL C. 223A §3, C. 214, C. 211B, C. 212 §4, C. 213 (1)A, C. 214 (1).

Bristol Superior Court is the appropriate venue for this action pursuant to MGL C. 223 §1 & 7, C. 213 §1A & C. 214 §1 & 5.

PARTIES

(1) PLAINTIFF, Antonio M. Branco, is over eighteen and resides at 77 Holden Street in Fall River, Massachusetts 02723, currently at 2 Clark Street in Norfolk, Massachusetts.

(2) Defendant, Kiel (aka Kyle) Huard, residence unknown, is a police officer with the Fall River Police Department in Fall River, Massachusetts, who willfully, heinously, and fraudulently coerced, forced, and induced the Plaintiff by false and wrongful statements and actions.

(3) Defendant, Lawrence Ferreira, residence unknown, is a detective with the same Fall River Police, and a supervisor/superior responsible for training and/or actions of Defendant Huard.

4) Defendant, Thomas Mauretti, residence unknown, is a Sargeant with the same Fall River Police, and a superior responsible for the training and/or actions of Huard.

5) Defendant, Daniel Racine, residence unknown, was, at the time of defendant Huard's wrongful and injurious statements and actions, the Chief of Police with the same Fall River Police and a superior responsible for the training and or actions of his agent defendant Huard.

6) Defendant, Albert Dupere, residence unknown, is the current Chief of Police with the same Fall River Police, and is responsible for the training and or actions of Huard.

7) Defendant, Fall River Police, in/at 685 Pleasant Street in Fall River, Massachusetts is the Fall River Police Department for the City of Fall River and the employer of its agents Defendants Huard, Ferreira, Mauretti, Racine, and Dupere and is responsible for the training and actions of its agents.

8) Defendant, City of Fall River in the Commonwealth of Massachusetts, is the Municipality responsible for the training and actions of its agents which include defendants Fall River Police and its agents defendants Huard, Ferreira, Mauretti, Racine, and Dupere.

## FACTS

9) On or about April 9, 2016, at or about 1920 hours 7:20 pm, the Plaintiff entered his property located at 77 Holden Street in Fall River, Massachusetts with his GMC SIERRA SLE 4X4 SUV.

10) Inside the Plaintiffs SUV were various items and valuables including irreplacable items of deep sentimental and invaluable nature, namely the Plaintiffs Mother's personal belongings including her clothing, jewelry, and transport chair.

11) The Plaintiff was on his way to his residence at 77 Holden Street; from Saint Anne's Hospital- attending to his Mother, in Fall River; for purposes of attending to the well being and critical medical needs of his sisters Philomena and Lucia Branco.

12) Upon entering his property and driveway the Plaintiff was startled and narrowly avoiding a head on collision and potentially fatal injury with two Fall River police vehicles, who like thieves in the night with no lights on were positioned approximately 20 (twenty) feet into the Plaintiffs driveway facing out towards entrance and recklessly had no purpose or business being in that private property, other than for devious and heinous purposes and motives.

13) The Plaintiff then attempted to enter his residence to provide food and medical care to his mentally disabled since birth sisters; Philomena and Lucia Branco 52 and 49 years of age respectively, Lucia also being severely epileptic; but was prevented from entering residence by officer Huard and other unidentified officers.

14) The Plaintiff made repeated attempts to enter his residence telling police officer Huard that his sisters were in the residence fully expecting Plaintiff and in need of critical care and that it was critical that Plaintiff enter residence to provide food and time/life medical care and treatment - medication to his sister Lucia who could not self administer the medication, and as Fall River Police including Huard were already fully aware, that failure to provide such time/life critical medication could kill Lucia.

15) The police, Huard, told Plaintiff that Plaintiff would not be allowed to enter, that Plaintiff would not be allowed to provide either food or medical care and medication to Plaintiffs sister, that Plaintiff would be required to speak with and answer someones questions, and that Plaintiff was to get his vehicle and leave Plaintiffs property "at once or else", Huard and officer unnamed ordering Plaintiff to get his vehicle and back out of Plaintiffs driveway.

16) The Plaintiff, fearful for the well being and life of his two sisters and himself, backed his vehicle out

and parked it curbside one foot from the entrance to his driveway.

(17) The Plaintiff again made repeated attempts to enter his residence telling police Huard that it was critical that Plaintiff enter his residence to provide food and medication to his sister and that any failure to provide her medication could kill her and told Huard that the Plaintiff had told Huards co-officer detective Ferreira the same about 2 hours earlier.

(18) The police Huard told Plaintiff that they would not allow Plaintiff to enter the residence, that he didnt care that sister was in need of any critical medication, and that Plaintiff had to get in his vehicle and follow police in between the two cruisers.

(19) The Plaintiff was forced into his truck and forced to follow the police between the two cruisers for half a block eastward on Holden Street to approximately 20 feet northward on Fielden Street where Plaintiff was FLASHED and made to exit his vehicle.

(20) The Plaintiff again repeatedly pleaded to Huard that it was critical that his sisters be cared for and receive time life critical medication and that Huards indifference and total disregard for his sisters wellbeing could kill her.

(21) Huard then approached Plaintiff and handcuffed the

Plaintiff, repeatedly denying Plaintiffs requests that his sisters be allowed to receive her medication at once, and refusing to explain why police lied to Plaintiff at Plaintiffs property about coercing Plaintiff into leaving his property and coercing Plaintiff to follow them for questioning.

(22) Police then violently forced Plaintiff into the police SUV operated by Huard, forcing Plaintiff to leave his vehicle and contents abandoned on Fielden Street, and after a couple minutes proceeded to the police station on Pleasant Street

(23) Shortly after arriving at police station Huard took Plaintiff to an upstairs room where Huard thrust his hand into Plaintiffs pocket and forcibly grabbed and squeezed Plaintiffs private parts then forcibly yanked the Plaintiffs key ring with dozens of keys to the Plaintiffs residence and property from the Plaintiffs pocket all while in presence of Seargant Mauretti.

(24) Huard then proceeded to walk out of the room with Plaintiffs keys, both he and Mauretti ignoring Plaintiffs pleas that his sister's life was in danger without her medication, and confiscating keys that police never returned to Plaintiff, and keys that police are fully responsible for, having never immediately returned them, to the day the Plaintiff first has the opportunity to return to his property. Police lied about the same keys in May 15, 2019, telling Plaintiffs Father that police did not have the keys with the cash they confiscated from the Plaintiffs residence on or about April 9, 2016, and

that police would not tell Plaintiffs Father where the keys are or who has the keys.

(25) The Plaintiff who has been falsefully incarcerated ever since, has never learned of whereabouts of his sisters, property keys, and would not learn of his vehicle; which he'd been forced to leave abandoned with vehicles precious and invaluable clothing, jewelry, and personal belongings of Plaintiffs Beloved Mother; until on or about October 2016 when Plaintiff learned his vehicle had been towed.

(26) On or about December 5, 2016, the Plaintiff learned that his vehicle, which he had been forcibly coerced into removing from Plaintiffs property on April 9, 2016 by Huard and police, and forced to abandon on the city street, had been towed on or about October 2016 by Tech Towing 70 William Street Fall River, Massachusetts.

(27) Fall River Police never made any attempt to in any way contact and or apprise the vehicles owner, the Plaintiff, to duly inform the vehicles owner of pertinent events regarding the owners property.

(28) On or about January 24, 2019, the Plaintiff discovered the the vehicle and its precious and invaluable contents, had been junked on or about December 26, 2016 by Tech Service Center aka Tech Towing acting as agents of Fall River

police, and who Fall River police had contracted with on October 7, 2016 the actual date of towing.

29) The loss of the Plaintiff's vehicle, its contents of irreplacable and invaluable nature, and contents belonging to the Plaintiff's Beloved late Mother, have caused the Plaintiff substantial and irreparable injuries, distress, anxiety, anguish, and grief.

## CAUSES OF ACTION

30) The Plaintiff realleges each fact in the complaint numbers 1-29 as restated here in its entirety.

## COUNT I  ASSAULT

31) The Plaintiff repeats and realleges paragraphs 1-30 as if expressly set forth fully hereinafter.

32) Defendant Huard did by his verbal and bodily language threats fully assault the Plaintiff and put the Plaintiff in fear of both apprehension and life.

33) Defendants Ferreira, Mauretti, Racine, Dupere, Fall River Police and City of Fall River did by their

actions individually and or collectively assault and put Plaintiff in fear of both apprehension and life.

WHEREFORE, Plaintiff Antonio M. Brunco demands judgement against all defendants in the amount of $1,997,500.00 each.

## COUNT II   FRAUD

(34) The Plaintiff repeats and realleges paragraphs 1-33 as if expressly set forth fully hereinafter.

(35) Defendant Huard did by his wilfully deceitful statements fraudulently induce the Plaintiff into not only not entering Plaintiffs residence but also removing Plaintiffs vehicle and its contents from the Plaintiffs property causing their tragic loss.

(36) Defendants Ferreira, Maurett, Racine, Dupere, Fall River Police, and City of Fall River did by their actions individually and or collectively purpot to and proceed to fraudulently induce the Plaintiff into destructive consequences.

WHEREFORE, Plaintiff Antonio M. Brunco demands judgement against all defendants in the amount of $1,997,500.00 each.

## COUNT III   MALICIOUS DESTRUCTION OF PROPERTY

(37) The Plaintiff repeats and realleges paragraphs 1-36 as if expressly set forth fully hereinafter.

(38) Defendant Huard did by acts which were by design hostile to the Plaintiff, the owner of the property lost cause the total destruction of irreplaceable and invaluable property of Plaintiff.

(39) Defendants Ferreira, Mauretti, Racine, Dupere, Fall River Police, and City of Fall River did by their actions individually and collectively purpotrate acts against Plaintiff which were wholly motivated by cruelty, hostility and revenge toward Plaintiff, thereby resulting in destruction of Plaintiffs property

WHEREFORE, Plaintiff Antonio M. Brunco demands judgement against all defendants in the amount of $1,997,500.00 each.

## COUNT IV   AGENCY

(40) The Plaintiff repeats and realleges paragraphs 1-39 as if expressly set forth fully hereinafter.

(41) Defendants Huard, Ferreira, Mauretti, Racine, Dupere, Fall River Police, and City of Fall River as superiors and agents purpotrating individually and collectively to injure the Plaintiff did by their wilfull and devious acts individually and collectively injure the Plaintiff.

WHEREFORE, Plaintiff Antonio M. Brunco demands judgement against all defendants in the amount of $1,997,500.00 each.

## COUNT V CONVERSION

(42) The Plaintiff repeats and realleges paragraphs 1-41 as if expressly set forth fully hereinafter.

(43) Defendant Huard did by his wilfull acts to force Plaintiff to remove Plaintiffs property from Plaintiffs driveway and leave property abandoned on city street under threat to arrest or Plaintiffs life did deprive and destroy rightful ower Plaintiffs personal property

(44) Defendants Ferreira, Mauretti, Racine, Dupere, Fall River Police and City of Fall River did by their individual and collective collaboration, conspire to

purpotrate to deprive the Plaintiff and did by deprive the Plaintiff of his property.

WHEREFORE, Plaintiff Antonio M. Branco demands judgement against all defendants in the amount of $1,997,500.00 each.

## COUNT VI   EMOTIONAL DISTRESS

(45) The Plaintiff repeats and realleges paragraphs 1-44 as if expressly set forth fully hereinafter.

(46) Defendant Huard did wilfully and carelessly act with total disregard for Plaintiffs property and total disregard for the well being and life of Plaintiff and Plaintiffs loved ones and by such grossly inhumane wanton and reckless acts did inflict emotional distress upon the Plaintiff causing the Plaintiff to suffer permanent and serious personal injuries including pain and suffering, anxiety, mental and physical anguish, embarrassment, humiliation, mental and physical damages and emotional damages with physical manifestations.

(47) Defendants Ferreira, Maurette, Racine, Dupere, Fall River Police, and City of Fall River did by their individual and or collective acts inflict emotional distress upon Plaintiff causing Plaintiff to suffer permanent and

serious personal injuries as stated in paragraph 46.

WHEREFORE, Plaintiff Antonio M. Branco demands judgement against all defendants in the amount of $1,997,500.00 each.

COUNT VII  ATTACHMENT, TRUSTEE PROCESS REACH AND APPLY and RECEIVORSHIP

48) The Plaintiff repeats and realleges paragraphs 1-47 as if expressly set forth fully hereinafter

49) Pursuant to M.G.L. C. 223 § 42 (Super. Ct. Rule 4.2), C. 246 § 1, C. 214 § 3, and C. 223 § 130, the Plaintiff requests the Court to issue orders of attachment of each individual defendants real and personal property, orders to reach and apply all assets of each defendant, and orders of Trustee Process and Recievorship as may be needed to protect the interests of the Plaintiff. The defendants should be restrained and prohibited from altering, selling, transferring, or conveying any and all assets in their possession, control, or name.

COUNT VIII  INJUNCTIVE RELIEF

50) The Plaintiff repeats and realleges paragraphs

1-49 as if expressly set forth fully hereinafter.

(51) The Plaintiff asks this Court for injunctive relief as may be needed to protect the interests of the Plaintiff.

## COUNT IX TREBLE DAMAGES

(52) The Plaintiff repeats and realleges paragraphs 1-51 as if expressly set forth fully hereinafter

(53) The Plaintiff demands that the Court impose and order triple damages where allowed by Law, for each COUNT.

## COUNT X

The Plaintiff avers that the defendants are individually and or collectively in violation State and Federal Laws, Statutes and Torts for each of the hereto listed Counts, and WHEREFORE, the Plaintiff asserts his rights and this CLAIM under full statutes, constitutions and laws of both the Commonwealth of Massachusetts and the United States of America.

The Plaintiff DEMANDS that the Court grant the Plaintiff the herein requested relief and such other

relief as it may appear that the Plaintiff is entitled to.

I, Antonio M. Branco, state that this document is true and correct to the best of my knowledge, and is made subject to the penalties of perjury.

Dated: December 17, 2019

Respectfully submitted,

Antonio M. Branco
77 Holden Street
Fall River, Massachusetts
currently
MCI Norfolk
2 Clark Street
PO Box 43
Norfolk, Ma. 02056